IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PAT CAVAN, | ) |
| | ) |
| Plaintiff, | ) NO. _____ |
| | ) |
| vs. | ) |
| | ) COMPLAINT AND JURY DEMAND |
| BRIDGESTONE AMERICAS TIRE | ) |
| OPERATIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

1. Plaintiff Pat Cavan ("Cavan") alleges that the Defendant discriminated against him based on his race and retaliated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216, for which he seeks a jury trial and all relief available to him under the law and within the power of the court in order to make him whole and to fully and completely redress the unlawful employment practices to which he was subjected.

2. Plaintiff Cavan further alleges that Defendant discriminated against him based on his disability and retaliated against him in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216, for which he seeks a jury trial and all relief available to him under the law and within the power of the court in order to make him whole and to fully and completely redress the unlawful employment practices to which he was subjected.

3. Plaintiff Cavan further alleges that Defendant regarded him as disabled in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216, for which he seeks a jury trial and all relief

1

available to him under the law and within the power of the court in order to make him whole and to fully and completely redress the unlawful employment practices to which he was subjected.

4. Plaintiff Cavan further alleges that Defendant's conduct constituted intersectional discrimination based on two or more of his protected classes or two or more of his protected activities, for which he seeks a jury trial and all relief available to him under the law and within the power of the court in order to make him whole and to fully and completely redress the unlawful employment practices to which he was subjected.

## PARTIES

5. Plaintiff Cavan is an individual residing in Des Moines, Polk County, Iowa, who was formerly employed by Defendant Bridgestone Americas Tire Operation, LLC at its Des Moines facility at 4600 N.W. 2nd Avenue.

6. Defendant Bridgestone Americas Tire Operations, LLC ("Bridgestone") is a Delaware corporation (LLC) that is registered to do business in the state of Iowa and that does business in Des Moines, Iowa at 4600 N.W. 2nd Avenue.

## JURISDICTION, VENUE AND PROCEDURAL REQUIREMENTS

7. This court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331.

8. This court has supplemental jurisdiction over the state claims in this action pursuant to 28 U.S.C. § 1367(a).

9. Venue for this action is proper in the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1391(b)-(c).

10. Cavan filed a timely charge with the Equal Employment Opportunity Commission for discrimination and retaliation based upon race and disability.

11. A right-to-sue letter from the Equal Employment Opportunity Commission was issued to Cavan on November 14, 2013 and is attached herein.

12. Cavan has exhausted all administrative remedies relevant to his claims and is filing this action within ninety days of the issuance of the right-to-sue letter.

## FACTUAL ALLEGATIONS

13. Cavan's race is Asian.

14. Cavan was employed by Defendant as a full-time employee at its Des Moines, Iowa facility from August 17, 1998 until his termination on January 20, 2012.

15. At all times pertinent to this action, Bridgestone had more than 500 employees for more than twenty calendar weeks at its Des Moines, Iowa location.

16. Cavan was on many occasions during his employment with Defendant subjected to disrespectful treatment and harassment based upon his race and/or disability/perceived disability by co-workers.

17. Cavan complained repeatedly about the discriminatory/harassing treatment of him to his supervisor(s) and other management personnel at Bridgestone.

18. Bridgestone did not investigate Cavan's complaints, nor did it take any action against the individuals engaging in this behavior toward Cavan.

19. Cavan was treated differently than similarly situated white employees and he was treated differently than other employees who had not complained of discriminatory treatment/harassment.

20. Because of a severe speech impediment and anxiety and depression Cavan sometimes has difficulty communicating with other and frequently others have difficulty understanding what he is saying.

21. Cavan's severe speech impediment, anxiety and depression constituted a serious health condition requiring continuing treatment by a medical professional.

22. On January 4, 2012, Cavan was subjected to discriminatory treatment/harassment by a co-worker based upon his race and Cavan did complain to Tom Barragan, an HR Representative for Bridgestone, about the treatment/harassment and nothing was done by Bridgestone to investigate Cavan's complaint or to address the complaint with the offending co-worker.

23. On January 10, 2012, Cavan was involved in a work-related accident and he was suspended on January 12, 2012 allegedly because Bridgestone believed that Cavan had falsified information regarding the accident.

24. When Cavan returned to work on January 20, 2012, he was terminated by Bridgestone and accused of falsifying an accident report relating to an injury he suffered while working.

25. Cavan's termination from Bridgestone was an adverse employment action.

## COUNT I

## DISCRIMINATION BASED ON RACE

(Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and

the Iowa Civil Rights Act, Iowa Code § 216)

26. Plaintiff Cavan re-alleges Paragraphs 1-25 as though fully set forth herein.

27. Cavan's race is Asian and, as such, he was protected from discrimination in employment based upon his race by the Civil Rights Act of 1964, as well as the Iowa Civil Rights Act.

28. Cavan was qualified to perform his job at Bridgestone.

29. Cavan was subjected to a hostile work environment based upon his race.

30. When Cavan complained about the discriminatory treatment, he suffered retaliation by Defendant.

31. Cavan was subjected to termination based upon his race.

32. Any non-discriminatory reasons asserted by Defendant for the adverse employment actions are a pretext for race discrimination by Defendant.

33. Cavan has been damaged by the race discrimination of Defendant.

34. Defendant's actions were willful and wanton in disregard of the rights of Cavan, warranting punitive damages.

## COUNT II

## DISCRIMINATION BASED ON DISABILITY

(Americans with Disabilities Act, as amended, *et seq.*, and
the Iowa Civil Rights Act, Iowa Code § 216)

35. Plaintiff Cavan re-alleges Paragraphs 1-34 as though fully set forth herein.

36. Cavan's severe speech impediment, anxiety and depression all substantially affect a major life activity and, as such, he was protected from discrimination in employment based upon his disability by the Americans with Disabilities Act, as well as the Iowa Civil Rights Act.

37. Cavan was qualified to perform his job at Bridgestone.

38. When Cavan complained about the discriminatory treatment, he suffered retaliation by Defendant.

39. Cavan was subjected to termination based upon his disability.

40. Any non-discriminatory reasons asserted by Defendant for the adverse employment actions are a pretext for disability discrimination by Defendant.

41. Cavan has been damaged by the disability discrimination of Defendant.

42. Defendants' actions were willful and wanton in disregard of the rights of Cavan, warranting punitive damages.

## COUNT III

### INTERSECTIONAL DISCRIMINATION

43. Plaintiff Cavan realleges Paragraphs 1-42 as though fully set forth herein.

44. Cavan is a member of more than one protected class.

45. Cavan engage in more than one protected activity while employed by Bridgestone.

46. Cavan was qualified and able to perform his job at Bridgestone.

47. Cavan was subjected to adverse employment decisions based on the intersection, or combination, of two or more of his protected classes (e.g., race and disability) or two or more of his protected activities (e.g., complaining of discriminatory treatment/harassment based upon race and complaining of discriminatory treatment/harassment based upon disability).

48. Cavan has been damaged by Defendant's intersectional discrimination.

### RELIEF SOUGHT

WHEREFORE, Plaintiff Cavan respectfully requests that the court enter judgment in his favor and award the following relief:

A. A declaration that Defendant discriminated against Plaintiff Cavan based on his race in violation of state and federal law.

B. A declaration that Defendant discriminated against Plaintiff Cavan based on his disability in violation of state and federal law.

C. A declaration that Defendant's conduct toward Plaintiff Cavan constituted intersectional discrimination based on a combination of two or more of his protected classes or two or more of his protected activities.

D. An award of damages equal to back pay and benefits lost by Plaintiff Cavan.

E. An award of compensatory damages, including damages for Plaintiff Cavan's past and future medical expenses and emotional distress.

F. An award of front pay and benefits for Plaintiff Cavan.

G. An award of punitive damages for damages awarded under the ADA, federal and state civil rights laws and Iowa common law regarding wrongful termination.

H. An award for the costs of this action and Plaintiff Cavan's reasonable attorneys' fees.

I. An award of pre-judgment interest, as allowed by law.

J. Such other and further monetary and equitable relief as the court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff Cavan hereby demands trial by jury on all claims raised to the extent allowed by law.

**SUBMITTED THIS 13th DAY OF FEBRUARY, 2014.**

/s/ *Gary W. Kendell*
GARY W. KENDELL, AT#0004203
OF KENDELL LAW FIRM, P.L.C.
4515 Fleur Drive, Suite 201
Des Moines, Iowa 50321
Telephone: (515) 287-2323
Fax: (515) 287-2944
gary@kendelllawfirm.com

ATTORNEY FOR PLAINTIFF

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Pat Cavan
2323 E. Porter Ave, Unit 27
Des Moines, IA 50320

From: Milwaukee Area Office
310 West Wisconsin Ave
Suite 800
Milwaukee, WI 53203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2013-00191 | Ora M. Holland, State & Local Coordinator | (312) 869-8078 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

NOV 14 2013

Enclosures(s)     John P. Rowe, Director     (Date Mailed)

cc: BRIDGESTONE AMERICAS TIRE OPERATION, LLC
Attn: Human Resource Manager
4600 Nw 2nd Ave.
Des Moines, IA 50309

Bridgestone Americas Inc
Attn: Kelly DeWitt
535 Marriot Dr
Nashville, TN 37214